HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CITY OF BUCKLEY,<br><br>                      Plaintiff,<br><br>     v.<br><br>ANGELA TOMAN, RONNIE and DIANA FROEMKE, THE UNITED STATES, et al.,<br><br>                      Defendants. | Case No. C10-5209 RBL<br><br>ORDER ON MOTION TO DISMISS DEFENDANT TOMAN FOR LACK OF FEDERAL JURISDICTION<br>[Dkt. #48] |

THIS MATTER is before the court on Defendant Toman's Motion to Dismiss for Lack of Federal Jurisdiction [Dkt. #48]. The case arises from Plaintiff City of Buckley's claim that it has a prescriptive easement over a drainage ditch [*see* Dkt. #42, Amended Complaint to Quiet Title], which runs through Toman's and Defendant Froemkes' adjacent properties.

The parties concede that the City of Buckley's claim against the Froemkes raises a federal question and that this court therefore has original jurisdiction over that claim.

The City argues that this court has supplemental jurisdiction[1] over its related easement claim against Toman under 28 U.S.C. § 1367. It argues that its claim against Toman arises from the same case or controversy as the City's claim against the Froemkes.

---

[1] The City also claims that the court has original jurisdiction over its claims against Toman based on unpaid federal tax liens on her property. Toman disputes this, but the court can resolve the Motion without resolving this factual dispute.

Order - 1

Toman argues that this court does not have supplemental jurisdiction over the City's claim against her because it does not arise from the same case or controversy as the City's claim against the Froemkes. Toman also contends that the court does not have original jurisdiction over the claim against her because the United States does not have any interest in her real property.

For the reasons that follow, Toman's Motion to Dismiss for Lack of Federal Jurisdiction [Dkt. #48] is DENIED.

## I.     FACTS

Spiketon Ditch is located in Buckley, WA and has been used to convey reservoir overflow and stormwater discharge since roughly 1952. The ditch is approximately 20 feet wide, and runs through portions of both Toman's and the Froemkes' adjacent pieces of property. The ditch runs along 16 lots in total, and the City has express easements over all 16 except for Toman's and the Froemkes'. The City seeks prescriptive easements of these two remaining sections of the ditch for public drainage and reservoir overflow purposes.

The Froemke property is encumbered by a United States conservation easement, which apparently does not encumber Toman's property.

## II.    DISCUSSION

It is undisputed that the court has original jurisdiction over the City's claim against the Froemkes under 28 U.S.C. § 2409(a), "Real property quiet title actions," and 28 U.S.C. § 1346(f), "United States as defendant," because of the United States conservation easement located on the Froemke property.

28 U.S.C. § 1367(a) provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy… ." Nonfederal claims are part of the same case or controversy as federal claims when they "'derive from a common nucleus of operative fact' and are such that a plaintiff 'would ordinarily be expected to try them in one judicial proceeding.'" *Trustees of Construction Industry and Laborers Health and Welfare Trust v. Desert Valley*

*Landscape & Maintenance, Inc.*, 333 F.3d 923, 925 (9th Cir. 2003) (*citing Finley v. United States*, 490 U.S. 545, 549 (1989)). Where a plaintiff brings a state law claim against one defendant and a federal claim against another, supplemental jurisdiction may be exercised over the state defendant so long as the state and federal claims arise from a common nucleus of facts. *See Mendoza v. Zirkle Fruit Co.*, 301 F.3d 1163, 1173-75 (9th Cir. 2002) (holding that the district court could exercise supplemental jurisdiction over defendant employment agency, against which only a state law claim was brought, because the state claim arose from the same nucleus of facts as the federal RICO claim brought against employment agency's co-defendant); *see also Estate of Harshman v. Jackson Hole Mountain Resort Corp.,* 379 F.3d 1161, 1164-65 (10th Cir. 2004) (holding that the district court had supplemental jurisdiction over defendant Jackson Hole, against which only a state wrongful death claim was brought, because the court had original jurisdiction over the FTCA wrongful death claim brought against co-defendant United States, and both claims arose from a common nucleus of facts). "In practice, § 1367(a) requires only that the jurisdiction-invoking claim and the supplemental claim have some loose factual connection." 13D Wright & Miller, *Federal Practice and Procedure* § 3567.1 (3d ed. 2008).

Toman contends that because her land and the Froemkes' are separately owned, analyses of the City's easements must be unique for each parcel, and thus the easement claims do not arise from a common nucleus of facts. To establish a prescriptive easement over a piece of real property, the City must show that its use of the property has been open, notorious, continuous, uninterrupted, and adverse to the owner with her knowledge of such. *See Mood v. Banchero*, 67 Wn.2d 835, 841 (1966). Toman argues that the element of adversity and knowledge is surely unique for different property owners. [*See* Dkt. #48, Motion to Dismiss].

Under Washington law, if all other elements of a prescriptive easement are proven, a hostile or adverse use may be implied or presumed[2]:

> [S]ince hostility is simply lack of permission, the claimant is in the position of having to prove a negative and ought to be able to make out prima facie proof of

---

[2] This presumption of adversity includes the presumption that the land owner had knowledge of the adverse use. *See* 17 *Washington Practice* § 2.7.

Order - 3

>   hostility without actually having to prove this negative. Some Washington prescription decisions recognize this by saying or holding that if the claimant shows use of another's land that is unexplained and is open and notorious, "continuous," and "exclusive," there is a "presumption" that the use was hostile or, as decisions sometimes say redundantly, "adverse." That appears to be Washington's position, except as to prescriptive use of land that is vacant and unenclosed…

17 *Washington Practice* § 2.7 (*citing Long v. Leonard*, 191 Wn. 284 (1937); *Northwest Cities Gas Co. v. Western Fuel Co.*, 13 Wn.2d 75 (1942); *Kunkel v. Fisher*, 106 Wn.App. 599 (2001); *Drake v. Smersh*, 122 Wash.App. 147 (2004)).

This presumption of adverse use renders moot any discrepancy between Toman's and the Froemkes' subjective hostility toward the City's use of the ditch. The fact that the parcels are separately owned does not indicate that the City's easements over adjacent sections of the same drainage ditch arise from separate nuclei of operative facts. Rather, they arise from a common nucleus of facts, as any open, notorious, continuous, and exclusive use of the ditch by the City, or lack thereof, would not vary as the ditch passes from one consecutive parcel to the next. The ditch is used by the same city at the same times for the same purposes on all 16 parcels it passes through. Ultimately, the City claims it has identical easements over the Toman and Froemke properties, and thus the two easement claims have, at a minimum, a "loose factual connection." *Federal Practice and Procedure* § 3567.1, *supra*.

Because the City's claim against Toman arises from the same controversy as its claim against the Froemkes, this court has supplemental jurisdiction over the City's claim against Toman. Toman's motion to dismiss [Dkt. #48] for lack of federal jurisdiction is therefore DENIED.

**IT IS SO ORDERED.**

Dated this 13th day of August, 2010.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE