UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CITY OF BUCKLEY,

    Plaintiff,

v.

ANGELA TOMAN, et al.,

    Defendant.

CASE NO. 3:10-CV-05209-RBL

ORDER ON MOTION TO DISMISS BY FROEMKE DEFENDANTS

The Court, having received and reviewed:

1. Froemke Defendants' Motion to Dismiss (Dkt. No. 74)

2. Defendant United States' Response to Froemkes' Motion to Dismiss (Dkt. No. 88)

3. Plaintiff City of Buckley's Response to Motion for Dismissal (Dkt. No. 90)

4. Froemke Defendants' Reply in Support of Motion for Dismissal (Dkt. No. 93)

5. Plaintiff City of Buckley's Surreply to Reply in Support of Motion (Dkt. No. 95)

and all attached declarations and exhibits, makes the following ruling:

IT IS ORDERED that the motion is PARTLY GRANTED and PARTLY DENIED.

The Court agrees with Defendants that the conservation easement claimed by Defendant The United States against their property is in violation of the Statute of Frauds and therefore void. There is no federal jurisdiction on the basis of the alleged conservation easement. However, there remains an open question as to the existence of federal jurisdiction on the basis of alleged federal tax liens against Defendant Toman. Until that is resolved, the Court will not dismiss the Government as a defendant in this matter.

**Background**

This controversy centers around Spiketon Ditch, a part of the Plaintiff City's stormwater drainage and reservoir overflow system which runs through sixteen properties (including Defendant Toman's and the Froemke Defendants'). Plaintiff claims that it has been in existence and in use since 1952 and that there are drainage easements on record for every property except these two groups of property-owning defendants.

In 2007, the reservoir overflow was directed away from Spiketon Ditch. Two years later, the City had need to redirect the overflow back to Spiketon Ditch for a period of time and sent notice to the property owners that Spiketon Ditch would be in use for several months. Defendants Ms. Toman and the Froemkes objected.

In preparing to bring suit to quiet title on their prescriptive easement claim, the City discovered that the federal government (1) had tax liens on Defendant Toman's property and (2) had recorded a conservation easement (attached to a Quit Claim Deed recorded in Pierce County) on the Froemkes' land.

Some history of the alleged conservation easement bears repeating. The Froemkes had lost their property in foreclosure proceedings in 1991 – the property was conveyed to Farmers

Home Administration (a branch of the U.S. Department of Agriculture), who turned around and leased it back to the Froemkes in 1992. At the time of the leaseback, the Froemkes signed an "Attachment to Lease" acknowledging that certain restricted areas on the property could not be used for agricultural or pasturing purposes. The document also reflected that, if the Froemkes were to purchase the property back and "FmHA regulations permit at that time a less restrictive use of the wetland area, the lessee may purchase the property with the less restrictive easement provisions." Gov. Response, Ex. C. In the topographical map attached (and referred) to in the "Attachment to the Lease," the restricted area is labeled "Proposed Conservation Easement Area." Id.

In 1997, the government sold the property back to the Froemkes. Three documents were recorded at the time of the sale: a Quit Claim deed, a Deed of Trust and a Conservation Easement document. The Deed of Trust contains a warranty from the Grantor that the property is "free and clear of any liens and encumbrances whatsoever." Reply, Ex. B. The Quit Claim Deed – filed after the Deed of Trust -- states on its face that it is "[s]ubject to all easements, covenants, and conditions of record (attached)." Reply, Ex. C. Neither the Quit Claim Deed nor the Conservation Easement is signed.

**Discussion**

This case concerns a complaint by Plaintiff City of Buckley to quiet title to an alleged easement by prescription across the property of two residents of the city. The United States is named as a party defendant partially because it claims a conservation easement across the property of one of the defendant residents (the Froemkes).[1] Plaintiff alleges exclusive original

---

[1] The U.S. is also named as a defendant pursuant to 28 U.S.C. § 2410(a)(1) because the City alleges "several federal tax liens" on the property of the other defendant resident (Ms. Toman). 1st Am. Complt, ¶ 1.6.

ORDER ON MOTION TO DISMISS BY
FROEMKE DEFENDANTS- 3

1  federal jurisdiction based on 28 U.S.C. § 1346(f) because it claims that the U.S. has a

2  conservation easement on the Froemke property.

3      Defendants Ronnie and Dianna Froemke contend that there is not proper subject matter

4  jurisdiction in federal court.  They move for dismissal on two grounds: (1) 28 U.S.C. § 2409a –

5  the authorizing statute for § 1346(f) – prohibits action against the U.S. based on adverse

6  possession (§ 2409a(n)); and (2) the property interest claimed by the U.S in the Froemke's land

7  is unenforceable under the Statute of Frauds.

8      <u>Statute of Frauds</u>

9      The Froemkes and the Government agree that the easement, if it exists, is a "conveyance

10  of real estate… evidencing [an] encumbrance upon real estate," (RCW 64.04.010) and thus must

11  be evidenced by a deed and governed by the Statute of Frauds, which declares that

12      Every deed shall be in writing, signed by the party bound thereby, and
    acknowledged by the party before some person authorized by this act to take
13      acknowledgements of deeds.

14  RCW 64.04.020.

15      There is no dispute that the document evidencing the conservation easement which the

16  Government seeks to enforce is not signed.  The Government attempts to overcome this

17  deficiency by resort to the doctrine of incorporation by reference, which (under the proper

18  circumstances) allows documents which do not satisfy the Statute of Frauds to be deemed valid

19  by virtue of having been referenced by a document which does satisfy the Statute of Frauds.  *See*

20  <u>Baarslag v. Hawkins</u>, 12 Wn.App.756, 760 (1975).

21      The Government strives mightily to fit the facts surrounding this attempt to create a

22  wetlands reserve on the Froemke property into the "incorporation by reference" mold.  But the

23  Court finds the resolution of this matter is simple: neither the conservation easement which the

24

1 | Government attempts to incorporate nor the Quit Claim Deed (into which the Government
2 | wishes the easement document to be incorporated) is signed by the Froemkes. This contravenes
3 | one of the primary requirements of the Statute of Frauds: the requirement that the deed be
4 | "signed by the party bound thereby." The Government provides no legal authority for their
5 | attempt to incorporate by reference a document which violates the Statute of Frauds by its
6 | attachment to another document which violates the Statute of Frauds.

7 | The Government can and does point to a number of other documents (a letter to the title
8 | company, the "Attachment to the Lease" that accompanied the previous property agreement
9 | between these two parties) which it claims evidence its intent that the Froemkes would continue
10 | to be bound by the conservation easement after they re-purchased the property. But this extrinsic
11 | evidence is unavailing for two reasons: (1) the doctrine of incorporation by reference does not
12 | permit the use of extrinsic evidence (Baarslag, *supra*) and (2) none of the extrinsic evidence can
13 | overcome the fatal flaw that neither the Quit Claim Deed nor the Conservation Easement
14 | Reservations satisfy the Statute of Frauds.

15 | <u>Adverse possession actions against the U.S. (§ 2409a(n)</u>

16 | For purposes of clarity and completeness, the Court notes that it does not find
17 | Defendants' second argument concerning dismissal of the Government compelling. It does not
18 | appear to have been the intent of Congress in drafting 28 U.S.C. § 2409a to preclude prescriptive
19 | easement suits against the U.S. ("Congress intended easements to be included in the real property
20 | rights adjudicated in a quiet title action." <u>Kinscherff v. United States</u>, 586. F.2d 159, 161 (10th
21 | Cir. 1978)) and in any event the fact that the City's alleged prescriptive easement predates the
22 | Government acquisition of the land would likely render the claim cognizable. *See* <u>Burlison v.</u>
23 | <u>United States</u>, 533 F.3d 419, 428 (6th Cir. 2008). But this argument is moot in the face of the
24 |

1  Court's finding that the conservation easement did not survive the re-purchase of the property by
2  the Froemkes.

3  <u>Surreply</u>

4  The Froemkes raise for the first time in their reply the argument that the City's 2409a
5  claims against the U.S. have statute of limitations problems.  By surreply, the City objects and
6  moves to strike and the Court grants that motion on the grounds that a movant may not raise a
7  new legal argument in their reply brief.  Again, however, the issue about the statute of limitations
8  concerning a claim against the conservation easement is moot.  If (as the Court has found) the
9  U.S. has no conservation easement on the Froemkes' property, the City has no prescriptive
10 easement/quiet title claim to prosecute against them and the statute of limitations is irrelevant.

11  <u>Status of the federal jurisdiction issue</u>

12  The Court recognizes that the issue of whether there exists federal subject matter
13  jurisdiction in this case remains an open one.  Defendant Toman has previously moved for
14  dismissal of her matter from federal court on the grounds that the basis of federal jurisdiction
15  concerning her (the existence of unpaid federal tax liens on her property; 1st Am. Complt, ¶ 1.6)
16  has been mooted by her payment of the liens. Dkt. No. 48, p. 4.  Defendant Toman has further
17  argued that federal tax liens (even if they exist) do not provide a basis for a quiet title action
18  against the federal government.  Dkt. No. 60, pp. 2-3.

19  Judge Leighton (who originally presided over this matter) denied Defendant Toman's
20  motion on other grounds and did not feel compelled to reach the issue presented by the questions
21  she raised concerning the tax liens.  Order on Motion to Dismiss by Defendant Toman, p. 1, n. 1;
22  Dkt. No. 65.  However, Judge Leighton's ruling was based on the (at the time) undisputed

23

24

federal jurisdiction arising out of the prescriptive easement claim against the conservation easement on the Froemke property. Clearly, that basis for federal jurisdiction no longer exists.

Recognizing that jurisdiction is not a waivable issue, the Court trusts that the parties will address this question in the near future.

**Conclusion**

As the conservation easement claimed by the Government violates the Statute of Frauds and cannot be incorporated by reference into the Quit Claim Deed which also violates the Statute of Frauds, the Court GRANTS the Froemke Defendants' motion insofar as it challenges federal jurisdiction on the basis of that easement.

The motion cannot be granted in its entirety, however, because the question of federal jurisdiction based on allegations of federal tax liens on the Toman property remains an open issue.

The clerk is ordered to provide copies of this order to all counsel.

Dated May 3, 2011.

Marsha J. Pechman
United States District Judge