# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| CITY OF BUCKLEY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ANGELA TOMAN,<br><br>　　　　　Defendant. | CASE NO. 3:10-CV-05209-RBL<br><br>ORDER ON MOTION FOR RECONSIDERATION |

The Court, having received and reviewed:

1. United States' Motion for Reconsideration (Dkt. No. 118)

2. Froemkes' Response for Motion for Reconsideration (Dkt. No. 122)

and all attached declarations and exhibits, makes the following ruling:

IT IS ORDERED that the motion for reconsideration is DENIED.

IT IS FURTHER ORDERED that the original Order on Motion to Dismiss by Froemke Defendants (Dkt. No. 117) is AMENDED to reflect the following:

A. The title company was instructed to record the Quit Claim Deed and the conservation easement "as a single document" and the Deed of Trust, Quit Claim Deed and conservation easement were recorded simultaneously at 4:01 p.m. on July 18, 1997 in Pierce County, Washington.

B. The Quit Claim Deed at issue, which is signed by an agent of the United States government (which was "the party bound thereby"), was not in violation of the Statute of Frauds.

**Background**

This case concerns a complaint by the City of Buckley to quiet title to an easement by prescription across two parcels of property. Two of the defendants, Ronnie and Diana Froemke (hereinafter "the Froemke Defendants" or "the Froemkes") moved to dismiss Plaintiff's federal complaint on the grounds that there was not proper subject matter jurisdiction in federal court (Plaintiff's complaint alleged jurisdiction based on 28 U.S.C. § 1346(f) because the United States had a conservation easement on the Froemke property and because the United States had several federal tax liens on Defendant Toman's property). The Froemkes based their motion on two grounds: (1) 28 U.S.C. § 2409a – the authorizing statute for § 1346(f) – prohibits actions against the United States based on adverse possession; and (2) the property interest claimed by the United States in their land was unenforceable under the Statute of Frauds.

This Court partially granted the motion based solely on Statute of Frauds grounds – the conservation easement (which was attached to the Quitclaim Deed filed by the United States) was unsigned in violation of RCW 64.04.020. *See* Order on Motion to Dismiss by Froemke Defendants, Dkt. No. 117. The Government's argument that the easement should qualify as valid on the basis of the doctrine of incorporation by reference (i.e., that the easement was

referenced in the Quitclaim Deed and thus valid) was rejected on the grounds that the Quit Claim Deed was not signed by the Froemkes and thus was invalid as well. Id., p. 5. The Court observed, in dicta, that the Defendants' argument concerning 28 U.S.C. § 2409a was not compelling because it did not appear that the federal statute was intended to preclude prescriptive easement suits against the United States. Id.

**Discussion**

The United States moves for reconsideration on two grounds:

1. <u>The invalidity of the conservation easement can only be adjudicated under the Quiet Title Act</u>

The government's takes the position that this Court did not have jurisdiction to rule on the validity of the conservation easement because the Quiet Title Act ("QTA;" 28 U.S.C. § 2409) is "the exclusive means to challenge the United States' title to real property." Mtn, p. 3 (citing <u>Block v. North Dakota</u>, 461 U.S. 273, 286 (1983)). And, under the QTA, the claim (which arose in 1997 with the recording of the easement along with the Quit Claim Deed) would be barred under the twelve-year statute of limitations.

The court always has the power to determine its own subject matter jurisdiction. <u>U.S. v. United Mine Workers of America</u>, 330 U.S. 258, 291 (1947). The Froemkes did not attempt to prosecute a quiet title claim, merely to raise a jurisdictional issue. Adherence to the government's logic leads to an ultimately absurd result – e.g., if the tax liens which the Government claims on Defendant Toman's property had been paid off 25 years ago and she attempted to dismiss the Government from the lawsuit on that basis, allowing them to interpose a QTA "defense" to jurisdiction would be illogical and inequitable.

2. <u>The Court erroneously failed to apply the incorporation by reference doctrine to the Statute of Frauds issue</u>

The United States alleges three grounds for error in the Statute of Frauds ruling:

   a. The Quit Claim Deed did not violate the Statute of Frauds because it <u>was</u> signed "by the party bound thereby." It is the *grantor*, not the grantee, who is the bound party in a quitclaim deed, and an agent of the United States signed the deed.
   b. The conservation easement was not a right conveyed by the Froemkes to the Government, but rather a property interest reserved by the United States which it excluded from its conveyance to the Froemkes (therefore the Froemkes' signature was not required on the conservation easement).
   c. The order erroneously states that the Quit Claim Deed was filed after the Deed of Trust, when in fact the Quit Claim Deed, Deed of Trust and Conservation Easement were filed simultaneously.

The Court can agree with the government's arguments and still uphold the prior ruling. The Court moves by this ruling to correct an error of law in the previous order: there is no Statute of Frauds violation regarding the Quit Claim Deed because it is signed by "party bound thereby;" i.e., the United States. To the extent that the original ruling was based on the invalidity of that document, the Court withdraws that portion of the ruling and amends it as follows.

Even agreeing with the government's position concerning the Quit Claim Deed, the Court finds that the Statute of Frauds ruling remains valid. The only reason that the Quit Claim Deed was at issue was the invocation of the incorporation by reference doctrine; i.e., the Government tried to cure the invalidity of the conservation easement through its incorporation by reference into the Quit Claim Deed. The Court rejected that argument based on the (erroneous) finding that the Quit Claim Deed violated the Statute of Frauds, too, and basically ended the Statute of Frauds analysis at that point.

Picking up the Statute of Frauds analysis from that point, the Court revisits the Government's initial argument – that the conservation easement can be "bootstrapped" into

validity on the basis of its incorporation by reference in the Quit Claim Deed. Examining the rationale and holdings of the Government's case authority in support of this position reveals that the United States cannot avail itself of this argument under the circumstances of this case.

There is no question that courts recognize the ability of parties to legitimize legal documents through incorporation by reference in other documents. Baarslag v. Hawkins, 12 Wn.App. 756, 760 (1975). There is even some legal basis for arguing that Statute of Frauds deficiencies can be cured through incorporation by reference – the Government's problem is that there is no basis for asserting it on the facts before the Court.

The case which the Government cites in support of its argument is Beriault v. King, an unpublished Washington Court of Appeals decision. 2009 WL 297002 (Wash.App. Div. 1; Feb. 9, 2009). King (an attorney) had taken two deeds of trust to secure promissory notes of payment for his legal services. Problems regarding his compensation arose, but when King tried to collect on the notes, it was discovered that the deeds did not include a sufficient description of the property to locate it without reference to extrinsic evidence – a classic Statute of Frauds problem. King sought to salvage his claim by introducing documents referenced by the deeds (a declaration of condominium, survey map and floor plans) to create the necessary description of the property which was absent from the deeds. But the Washington Court of Appeals found that, even with the incorporated documents, the court would still have had to assume a particular intent on the part of the parties to the transaction (that was not evident on the face of the documents) in order to cure the original oversight. Id. at *3. The "extrinsic evidence" bar ultimately defeated the argument.

Outside of establishing that it is theoretically possible to use the doctrine of incorporation by reference to cure Statute of Frauds deficiencies, this precedent does not solve the problem

with which the Government is confronted here. The Beriault case only supports the argument that a Statute of Frauds deficiency can be addressed through incorporation by reference where the incorporated document cures the defect that necessitated invocation of the doctrine in the first place. In this case, the defect is the fact that the conservation easement is unsigned (by anyone) and incorporating it by reference into the properly signed Quit Claim Deed does not cure that defect. Incorporation by reference does not supply the signature missing from the defective document. Regardless of the validity of the Quit Claim Deed, the conservation easement cannot be used to establish federal subject matter jurisdiction.

The Government's remaining arguments are equally unavailing. It is immaterial whether, as the United States contends, the party bound by the conservation easement is the Government because no one signed the easement document, thus the Statute of Frauds still operates as a bar. Nor does the Government present any reason why the fact that all the documents were recorded simultaneously operates to cure the Statute of Frauds problem.

**Conclusion**

The United States does point out a factual and a legal error in the Court's initial order, but neither error invalidates the result obtained by that order. The order is amended to reflect that the Quit Claim Deed is not invalidated by the Statute of Frauds and that all documents related to the sale of the property in question to the Froemkes by the United States were recorded simultaneously. The Court still finds that there is no federal subject matter jurisdiction conferred by the Government's claim of a property interest in the Froemke parcel because the conservation easement claimed by the United States on that property violates the Statute of Frauds.

The clerk is ordered to provide copies of this order to all counsel.

Dated August 1, 2011.

*Marsha J. Pechman*
Marsha J. Pechman
United States District Judge

ORDER ON MOTION FOR RECONSIDERATION- 7